UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIE D. GRIER, | ) | CASE NO. 1:11 CV 2235 |
| Petitioner, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| MARGARET BRADSHAW, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | ) ) | |

On October 19, 2011, Willie D. Grier filed the above-captioned *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in an Ohio correctional institution, having been convicted, pursuant to a guilty plea, of Possession of Drugs. A Motion to Amend Petition, clarifying the grounds for relief, was filed on December 21, 2011. That Motion is granted. For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Petitioner seeks to raise two grounds for relief, as follows: 1) "Denial of Equal Protection of Specific Performance Opened Voided Plea Agreement up to Collateral Attack;" and, 2) "Where a State Court of Competent Jurisdiction Voids a Plea Agreement that Intrinsically Entwines Guilty Plea, a Divesture (sic) of Personal Jurisdiction has Taken Place to Commit the Defendant to a Penal Institution."

The Petition and its attachments (collectively "the Petition") show Petitioner unsuccessfully

appealed his conviction and sentence to the Ohio Court of Appeals, but that he has yet to appeal that decision to the Ohio Supreme Court. It is further evident on the face of the Petition that Petitioner filed a Motion for Postconviction Relief in the trial court, which was denied on the ground of *res judicata*.

It is unclear from the Petition whether, or to what extent, Petitioner has sought to raise the grounds set forth in the instant case in the Ohio courts. Insofar as he intended to raise those issues in his Motion for Postconviction Relief, the denial of that Motion on the basis of *res judicata* constitutes a procedural default.[1] However, construing the instant Petition liberally, it is possible Petitioner may still have a state court avenue of relief concerning the issues by way of a delayed direct appeal to the Ohio Supreme Court. As such review may be available, *see* Ohio Sup.Ct.R.P. II, sec. 2(A)(4)(a), this case is appropriately subject to dismissal without prejudice. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Accordingly, the Petition is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

January 26, 2012

---

[1] If a procedural bar in the state court exists, this court cannot consider the habeas claims raised unless a petitioner establishes adequate cause to excuse his failure to properly raise the claims in the state court and actual prejudice to case. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986); *see, Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also, Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts)